## EDWARD C. CROSBY ET AL.

v.

## VILLAGE OF BRATTLEBORO.

### MAY TERM, 1896.

*Appeal from sewer assessment of bailiffs.    When appellant must file bond.*

The charter of the defendant village provides that in case a private individual desires to enter a public sewer, he shall apply to the bailiffs, who shall determine the amount upon the payment of which he may enter such sewer; that if the individual be dissatisfied with the amount, he may appeal to the county court and that in case of such appeal he may enter the sewer at once upon the filing of a bond. *Held,* that no bond need be filed unless the appellant desires to enter the sewer before the determination of his appeal.

Appeal from the sewer assessment of the bailiffs of the village of Brattleboro.    The defendant moved to dismiss for that no bond had been filed.    Heard upon this motion at the March term, 1896, Windham county, MUNSON, J., presiding.    Motion overruled.    The defendant excepts.

*Clark C. Fitts* for the defendant.

*Waterman, Martin & Hitt* for the petitioner.

ROWELL, J.    This is an appeal from an assessment by the bailiffs of the village of Brattleboro in respect of the petitioner's private sewer entering a common and public sewer. The defendant moved to dismiss the petition, for that the peti-

tioners did not, at the time of the filing of their appeal, file a bond for the payment of such assessments as might be finally ordered and the costs, pursuant to s. 2, No. 170, Acts of 1894, which is in addition to No. 254, Acts of 1872, whereby the village is incorporated.

The Act of 1894 provides that every person whose particular drain or sewer-pipe shall thereafter enter any common sewer or main drain previously built, who, in the opinion of the bailiffs, shall receive benefit thereby for draining his premises, shall be liable to contribute his just share for so entering such common sewer or main drain, and that on application to the bailiffs to enter any main drain or sewer, they shall fix the assessment required, and that any person dissatisfied with such assessment may appeal to the county court in the manner provided by certain sections of the Act of 1872, and in case of such appeal may at once enter such main drain or sewer, provided he files a bond as required by the act.

In this case the petitioners did not apply to the bailiffs to enter a main drain or sewer, but on the contrary the bailiffs, as the petition alleges, without notice to the petitioners, disconnected their private sewer system and connected the same with the new sewer or drain constructed by the bailiffs, their right to do which the petitioners deny; and feeling themselves aggrieved thereby, and also by the amount of the assessment, they preferred this petition.

It is evident that the case does not come within the Act of 1894 in respect of filing a bond. That act requires a bond only when application is made to the bailiffs, and then only as a pre-requisite to the right of at once entering the main drain or sewer in case of an appeal. If the applicant does not wish to enter at once, he need not file a bond on appeal, although he is the appellant.

*Judgment affirmed and cause remanded.*

Taft, J., being engaged in county court, did not sit.